IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | |
| | * | NO: 4:00CR00225 SWW |
| WAYNE CHAPMAN | * | |
| | * | |
| | * | |
| | * | |
| | * | |

**ORDER**

Before the Court is Defendant's *pro se* motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1]  After careful review, the Court finds that Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2]  Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, USSG § 2D1.1, are potentially eligible.  Even then, there are some defendants for whom the recalculated guideline range, using

---

[1]*See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2]*See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

amended § 2D1.1, will be equal to the original guideline range.  In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for a sentence reduction.

Defendant pleaded guilty to distribution of cocaine base, and on September 18, 2001, the Court sentenced him to 151 months' imprisonment and 3 years' supervised release.  The Court calculated the sentence based on Defendant's status as a career offender.   When the offense level for a career criminal from the table set forth in USSG § 4B1.1(b) is greater than the otherwise applicable offense level, the offense level from the table shall apply.  *See* USSG § 4B1.1(b).  Defendant's ordinary offense level based on drug quantity was 26, and the alternative career offender offense level was 32.  After a three-level reduction for acceptance of responsibility, Defendant was sentenced based on a final offense level of 29, a criminal history category of VI, and a corresponding sentencing range of 151 to 188 months.

Because Defendant's sentencing range is set according to USSG § 4B1.1, his sentence is not derived from or affected by a calculation of crack cocaine quantity under USSG § 2D1.1.  Thus, the recent revisions pertaining to crack cocaine quantity do nothing to change Defendant's guideline range and do not provide a basis for the Court to reduce his sentence in accordance with 18 U.S.C. § 3582(c).  *See* USSG § 1B1.10(a)(2)(B)(Suppl. Mar. 3, 2008)("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if–an amended listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

Because the determination of Defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, the motion for a reduction of sentence (docket entry #46)

is DENIED.

  IT IS SO ORDERED THIS 8TH DAY OF JULY, 2008.

                <u>/s/Susan Webber Wright</u>
                UNITED STATES DISTRICT JUDGE